IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| VIRGINIA L. FOXX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-120 |
| | ) | |
| HEALIX INFUSION THERAPY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This civil action is before the court for consideration of the "Defendant Healix Infusion Therapy, Inc.'s Motion to Dismiss Pursuant to FRCP 12(b)(6)" [doc. 5].[1] Plaintiff has filed a response in opposition [doc. 6], and defendant has submitted a reply [doc. 8]. Oral argument is unnecessary, and the motion is ripe for the court's determination.

Plaintiff has filed suit for alleged common law retaliatory discharge for her filing of a workers' compensation claim and for disability discrimination in violation of the Tennessee Disability Act ("TCA"), Tennessee Code Annotated § 8-50-103. Plaintiff also alleges that she was discriminated against on the basis of her age in violation of the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 *et. seq*. She further asserts a claim for breach of employment contract and for intentional infliction of emotional distress. For the reasons that follow, the motion will be granted in part and denied in part.

---

[1] Defendant's motion is not accompanied by a supporting brief but contains the supporting arguments within the motion. Pursuant to Local Rule 7.1, the standard practice in this court is that supporting briefs are to be filed separately from the motion.

I.

*Background*

According to the complaint, plaintiff was employed by the defendant for nearly six years and was terminated on January 27, 2012, at the age of 64. The reason for her termination was that she was "an automobile liability." Plaintiff admits in the complaint that "[p]erhaps, the rental automobile driven by the Plaintiff was involved in trivial incidents; these were neither the fault of the Plaintiff, nor was the Plaintiff in the automobile at the time of most of these incidents." On or about May 16, 2011, plaintiff sustained an on-the-job injury, for which she filed a workers' compensation claim.

Plaintiff originally filed her complaint in the Circuit Court for Knox County, Tennessee. Defendant removed the case to this court on the basis of diversity of citizenship. Plaintiff's motion to remand to state court was denied. Now before the court is defendant's motion to dismiss the entire complaint.

II.

*Standard of Review*

Defendant's motion is filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff argues in her response that the motion should be converted to one for summary judgment because defendant relied on documents and arguments not included in or attached to the complaint. Plaintiff's argument is not well taken nor based upon actions

actually taken by the defendant in its response. Defendant has not, as alleged by plaintiff, submitted and relied on documents not referenced or attached to the complaint. Nor has defendant cited or relied on *Superior Care Pharmacy, Inc. v. Medicine Shoppe International, Inc.*, No. 2:10-cv-207, 2011 WL 597065 (S.D. Ohio Feb. 10, 2011) as alleged by plaintiff. With regard to plaintiff's assertion that defendant relied on extraneous arguments, that representation also fails to convert defendant's motion. Defendant included in its background information that plaintiff was an at-will employee; she rented cars at airports; and she received a series of poor evaluations. That information, however, is unnecessary to the court's consideration and determination of defendant's motion. "It is well established that a District Court 'has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." *Barrett v. Harrington*, 130 F.3d 246, 253 (6th Cir. 1997) (citing 5A C. Wright & A. Miller, *Federal Practice and Procedure: Civil 2d,* § 1366, pp. 491-93 (1990) (footnotes omitted)). "Where the court does not rely on such materials, or considers them irrelevant to resolution of the merits of the motion, the court does not err in simply considering the motion as a motion to dismiss." *Gudenas v. Cervenik*, No. 1:09CV2169, 2010 WL 987699, at *3 (N.D. Ohio Feb. 22, 2010) (citations omitted). Defendant's motion remains one to dismiss the complaint.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In resolving a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bowman v. United States*, 304 F. App'x 371, 374 (6th Cir. 2008) (citing *Ass'n of Cleveland Fire Fighters*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555)).

III.

*Analysis*

**Retaliatory Discharge Claim**

Defendant argues that plaintiff has not alleged facts to state the causation factor in her claim for retaliatory discharge, i.e., that her claim for workers' compensation benefits was a substantial factor in defendant's motivation to terminate her. Plaintiff responds by arguing that she has stated sufficient facts to state the claim. In the court's opinion, plaintiff's retaliatory discharge claim fails for a different reason.

Plaintiff asserts very definitively that she "had an expressed (sic) and/or implied contract for employment with the Defendant that included the right not to be terminated from her employment without good cause, the right not to be terminated from her employment without notice and an opportunity to be heard, and the right to be dealt with fairly and in good faith by her employer." Plaintiff also asserts that she had a property interest in her work. Nowhere in the complaint does plaintiff plead, even in the alternative, that she was an at-will employee. In fact, she takes issue in her response with defendant's reference in its motion to her being an at-will employee, disputing the fact and claiming the information was extraneous to the complaint. Plaintiff also alleges a breach of contract claim based upon her contention that she was under an employment contract. Thus, nothing in the complaint indicates that plaintiff was an at-will employee. This fact is fatal to her retaliatory discharge claim.

5

Tennessee has adhered to the employment-at-will doctrine absent an established or formalized contract for a specific term. *See Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002). "[A]n at-will employee does not have legitimate entitlement to continued employment. An at-will employee has no entitlement to his or her position and therefore no property interest to be deprived of if he or she is summarily dismissed." *Faulkner v. City of Bartlett*, No. W2008-02225-COA-R3-CV, 2009 WL 1841743, at *4 (Tenn. Ct. App. June 29, 2009); *see also Lee v. City of LaVergne*, No. M2001-02098-COA-R3-CV, 2003 WL 1610831, at *1 (Tenn. Ct. App. Mar. 28, 2003) (at-will employee has no property interest in his job). "With significant exceptions, an employee or an employer may terminate an employment-at-will relationship at any time, with or without good cause." *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 389 (Tenn. Ct. App. 2006) (citations omitted). However, "an employee's ability to file a retaliatory discharge claim when his or her employment is terminated for filing a workers' compensation claim is recognized as a *narrow exception to the employment at will doctrine*." *Id*. (citations omitted) (emphasis added).

The first of the four required elements for a common law retaliatory discharge claim is "that an employment-at-will relationship existed." *Crews*, 78 S.W.3d at 862; *see also Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 800 (Tenn. 2010) (citing *Gossett v. Tractor Supply Co., Inc.*, 320 S.W.3d 777, 781 (Tenn. 2010)); *Conley v. Yellow Freight Sys., Inc.*, 521 F. Supp. 2d 713, 730-31 (E.D. Tenn. 2007) (citing *Franklin v. Swift Transp. Co., Inc.*,

210 S.W.3d 521, 528 (Tenn. Ct. App. 2006)). "Common law retaliatory discharge requires the plaintiff to show that he or she is an employee-at-will of the defendant." *Drake v. Bio-Med. Applications of Tenn., Inc.*, No. 11-2554-STA-cgc, 2012 WL 1023016, at *11 (W.D. Tenn. Mar. 26, 2012) (citing *Conley*, 521 F. Supp. 2d at 730-31; *Gossett*, 320 S.W.3d at 781).

In *Drake*, the district court found that plaintiff's proposed amended complaint would not survive a motion to dismiss because she had not alleged that she was an at-will employee. The plaintiff merely alleged that she was employed by the defendant. The court held: "[N]owhere in the Proposed Amended Complaint does Plaintiff state that she was an at-will employee. Therefore, Plaintiff has failed to state this element of a prima facie case, and the Court finds that her Proposed Amended Complaint would not survive a motion to dismiss." *Id.* at *12. Similarly, in *Quinn-Glover v. Regional Medical Center at Memphis*, No. W2011-00100-COA-R3-CV, 2012 WL 120209, at *10 (Tenn. Ct. App. Jan. 17, 2012), the district court found that "Plaintiff's common law retaliatory discharge claim was insufficient as it stated only that Plaintiff was an 'employee' - - as opposed to an 'employee at will' - - of the Med during the time of the events at issue." The Court further stated, "Because the existence of an employment-at-will relationship is an essential element of a common law retaliatory discharge claim, we find that Plaintiff's complaint failed to properly allege such." *Id.* (internal citation omitted).

Further, in a recent Tennessee Court of Appeals case, the Court found that because the plaintiff was not an at-will employee but employed under a contract she "failed

7

to present a *prima facie* case of common law retaliatory discharge." *Petschonek v. Catholic Diocese of Memphis*, No. W2011-02216-COA-R9-CV, 2012 WL 1868212, at *9 (Tenn. Ct. App. May 23, 2012). Judge Kirby in her concurring opinion stated: "Holding that the tort of retaliatory discharge may be asserted by an employee with an employment contract would be an extension of current Tennessee law. I agree with the majority's decision not to consider such an extension of the law in this appeal . . . ." *Id*. at *10.

The complaint at issue here does not allege that plaintiff was an at-will employee of defendant. Rather, she maintains throughout the complaint that she had an employment contract. Because plaintiff has failed to allege an essential element of her common law retaliatory discharge claim, the claim fails, and it will be dismissed.

**Age Discrimination Claim**

Plaintiff brings her age discrimination claim under the THRA, a "comprehensive anti-discrimination law, which is intended to further the policies embodied in the similar federal laws against employment discrimination." *Parker v. Zale Corp.*, 864 F. Supp. 2d 670, 678 (E.D. Tenn. 2012) (internal quotation marks and citation omitted). The Age Discrimination in Employment Act ("ADEA") "prohibits employers from discriminating 'against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." *Bender v. Hecht's Dept. Stores*, 455 F.3d 612, 620 (6th Cir. 2006) (citing 29 U.S.C. § 623(a)). The same analysis is employed in

8

evaluating age-discrimination cases under the THRA as under the ADEA. *Id*. In order to demonstrate a prima facie case of age discrimination, a plaintiff must show that "(1) she was a member of the protected class, (2) she was subjected to an adverse employment action, (3) she was qualified for a particular position and (4) she was replaced by a younger person." *Johnson v. Collins & Aikman Auto. Interiors, Inc.*, No. 1:02-CV-365, 2004 WL 1854171, at *4 (E.D. Tenn. Feb. 26, 2004). A plaintiff can also satisfy the fourth element by showing that she was treated differently than similarly situated persons not within the protected class. *Briggs v. Potter*, 463 F.3d 507, 514 (6th Cir. 2006).

Defendant argues that plaintiff's age discrimination claim should be dismissed because plaintiff does not alleged that she was replaced by a younger person but that she was terminated "in order that the Plaintiff could be replaced by a substantially younger employee than the Plaintiff." Plaintiff responds that the allegations in the complaint survive the motion to dismiss because plaintiff alleges that she was at age 64 in a protected group; she was subject to discriminatory practices because of her age; she was terminated in part so a younger employee "could" replace her.[2]

Plaintiff's claim is marginal, and this is a close decision. Plaintiff has not asserted a well crafted claim for age discrimination. Nevertheless, plaintiff has alleged

---

[2] Plaintiff's assertion, "After the present Motion is rightly denied as one for summary adjudication and parties participate in discovery, it will reveal that Mrs. Foxx, in fact, was replaced by a younger, non-disabled worker; and that the Defendant maintains a rather young workforce of non-disabled workers," is unfounded and will not be considered by the court. The pending motion is a motion to dismiss, and plaintiff cannot rely on what discovery might show. The assertion about defendant's workforce is outside the record; it is not an allegation in the complaint.

9

sufficient facts to state a claim. Therefore, defendant's motion will be denied to the extent it seeks dismissal of the THRA age discrimination claim.

### Tennessee Disability Act Claim

The TDA prohibits employers from discriminating against employees "based solely upon any physical, mental or visual disability of the applicant, unless such disability to some degree prevents the applicant from performing the duties required by the employment sought or impairs the performance of the work involved." Tenn. Code Ann. § 8-50-103(b). In order to demonstrate a claim for discrimination under the TDA, a claimant must show: "(1) that the individual was qualified for the position; (2) that the individual was disabled; and (3) that the individual suffered an adverse employment action because of that disability." *Bennett v. Nissan N. Am., Inc.*, 315 S.W.3d 832, 841 (Tenn. Ct. App. 2009) (quoting *Barnes v. Goodyear Tire & Rubber Co.*, 48 S.W.3d 698, 705 (Tenn. 2000) (abrogated on other grounds by *Gossett*, 320 S.W.3d 777)). In TDA claims, the threshold issue is whether the plaintiff is disabled. *Id.* at 841-42 (citations omitted). Tennessee law "defines 'disability,' as 'with respect to a person, (i) A physical or mental impairment that substantially limits one (1) or more of such person's major life activities; (ii) A record of having such an impairment; or (iii) Being regarded as having such an impairment. . . .'" *Id.* at 842.

Defendant moves to dismiss this claim on the basis that she only provides threadbare recitals of the cause of action elements supported by conclusory statements. Plaintiff alleges that she "sustained on-the-job injuries, on-the-job disabilities and handicaps" and that defendant should have known "that at Plaintiff's age and because of her handicaps, she would have difficulty finding a comparable job." Plaintiff basically argues that her allegations are sufficient to withstand dismissal.

Again, plaintiff asserts a marginal claim, and the decision is a close one. Plaintiff does not state any supporting facts as to what her disabilities are nor does she specifically state that she was terminated because of her disabilities. However, looking at the allegations as a whole, the court is inclined to allow the claim to proceed past a motion to dismiss. Nevertheless, plaintiff will be required to prove that she is in fact disabled within the meaning of the statute and that she was terminated because of that disability. Therefore, defendant's motion will be denied as to plaintiff's TDA claim.

**Breach of Employment Contract Claim**

Defendant moves to dismiss plaintiff's breach of contract arguing basically that she has only provided conclusory allegations. Defendant further argues that plaintiff's response argument based upon the contracting parties' duty of good faith and fair dealing in employment contracts is a minority view.

Plaintiff alleges in the complaint that she had an employment contract with the right not to be terminated without good cause; the right to notice and the opportunity to be heard; and to be dealt with fairly and in good faith by defendant. There is in every contract an implied duty of good faith and fair dealing in its enforcement and performance. *See Wallace v. Nat'l Bank of Commerce*, 938 S.W.2d 684, 686 (Tenn. 1996). What this duty consists of is dependent upon the individual contract. *Id*. "[T]he common law duty of good faith does not extend beyond the agreed upon terms of the contract and the reasonable contractual expectations of the parties." *Id*. at 687. The duty "does not, however, create new contractual rights or obligations, nor can it be used to circumvent or alter the specific terms of the parties' agreement." *Goot v. Metro. Gov't of Nashville & Davidson Cnty.*, No. M2003-02013-COA-R3-CV, 2005 WL 3031638, at *7 (Tenn. Ct. App. Nov. 9, 2005) (citations omitted). The employment-at-will doctrine is not affected, however, by the duty. "Because the implied obligation of good faith and fair dealing does not create new rights or modify existing contract rights, . . . the implied duty of good faith and fair dealing cannot modify the employment-at-will doctrine and, therefore, . . . an employer does not breach its implied duty of good faith and fair dealing when it discharges an at-will employee for any reason." *Hill v. Sw. Tenn. Cmty. College*, No. W2010-01222-COA-R3-CV, 2010 WL 4962895, at *2 (Tenn. Ct. App. Dec. 7, 2010) (quoting *Goot*, 2005 WL 3031638 at *8) (footnote omitted).

This case is in the pleading stage. Plaintiff has alleged that she had a employment contract with specific property rights, and in her response to the pending motion takes exception to defendant's reference to her as an employee at will. At this point, the court must take as true and in the light most favorable to the plaintiff, the allegations in the complaint. Arguably based upon the allegations in the complaint, the contract which plaintiff alleges she had contained an implied duty of good faith and fair dealing. Thus, plaintiff's claim survives the motion to dismiss.[3] Defendant's motion to dismiss will be denied as to plaintiff's claim for breach of contract.

**Intentional Infliction of Emotional Distress Claim**

Defendant argues that plaintiff has not alleged facts that are sufficient to maintain a claim for intentional infliction of emotional distress under Tennessee law. In response, plaintiff merely quotes at length from the complaint, emphasizing that she suffered "personal injuries including humiliation and embarrassment, and emotional distress" as a result of her termination.

There are three elements to the cause of action for intentional infliction of emotional distress under Tennessee law: "(1) the conduct complained of must be intentional or reckless; (2) the conduct must be so outrageous that it is not tolerated by civilized society;

---

[3] Should the proof show that plaintiff was an employee at will, there would be no breach of the implied duty of good faith and fair dealing based upon defendant's termination of plaintiff. *Goot*, 2005 WL 3031638 at *8; *see also Hill*, 2010 WL 4962895 at *2.

and (3) the conduct complained of must result in serious mental injury." *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997) (citations omitted). In *Bain*, the Tennessee Supreme Court also noted that it has "adopted and applied the high threshold standard described in the Restatement (Second) of Torts" for determining when particular conduct is tortious. *Id*. at 622-23. The Court stated:

> The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. **Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.** Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous."

*Id*. at 623 (emphasis added) (citations omitted).

None of plaintiff's allegations meet this "high threshold standard." Even taking the allegations as true and in the light most favorable to the plaintiff, as the court must do, *Directv,* 487 F.3d at 476, none of the conduct attributable to the defendant in the complaint is "so outrageous that it is not tolerated by a civilized society." *Bain*, 936 S.W.2d

at 622. Plaintiff's claim for intentional infliction of emotional distress is based entirely on the facts she assets to support her discrimination claims. Further, "an employee's termination, even if based upon discrimination, does not rise to the level of 'extreme and outrageous conduct' without proof of something more. If such were not true, then every discrimination claim would simultaneously become a cause of action for the intentional infliction of emotional distress." *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999) (applying Ohio law, which follows as Tennessee does the view of outrageousness in the Restatement (Second)); *see also Arnett v. Domino's Pizza I, L.L.C.*, 124 S.W.3d 529, 540 (Tenn. Ct. App. 2003) ("[D]iscriminatory conduct does not automatically give rise to the imposition of liability for intentional infliction of emotional distress."); *Mays v. Int'l Mill Servs., Inc.*, No. 05-1367-T/AN, 2006 WL 208874, at *4-5 (W.D. Tenn. Jan. 26, 2010) (taking as true plaintiffs' factual allegations of wrongful discharge and discrimination, the allegations fail to meet very high standard for outrageous conduct in Tennessee).

In addition, plaintiff does not sufficiently allege a serious mental injury as required for the claim. Plaintiff merely alleges in conclusory fashion that her termination "would cause the Plaintiff severe emotional distress" and that she suffered "humiliation and embarrassment, and emotional distress."

> It is only where [the mental injury] is extreme that the liability arises. Complete emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is a part of the price of living among people. The law intervenes only where the **distress is so severe that no reasonable [person] could be expected to endure it.**

15

*Miller v. Willbanks*, 8 S.W.3d 607, 615 n.4 (Tenn. 1999) (citing Restatement (Second) of Torts § 46 cmt. j (1965)) (emphasis added). Plaintiff's allegations of emotional distress in the complaint do not rise to this standard. Thus, for all of the above reasons, plaintiff's claim for intentional infliction of emotional distress fails and will be dismissed.

IV.

*Conclusion*

Accordingly, for all the reasons stated herein, defendant's motion to dismiss will be granted in part and denied in part. The motion will be granted as to plaintiff's claims for intentional infliction of emotional distress and retaliatory discharge; those claims will be dismissed. The motion will be denied as to plaintiff's claims for disability discrimination under the TDA, for age discrimination under the THRA, and for breach of contract. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge